RENDERED: AUGUST 25, 2016
TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2015-SC-000377-MR

DONALD HOWARD                                                      APPELLANT

ON APPEAL FROM CARROLL CIRCUIT COURT
V.          HONORABLE REBECCA LESLIE KNIGHT, JUDGE
NO. 15-CR-00005

COMMONWEALTH OF KENTUCKY                                     APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**AFFIRMING, IN PART, VACATING IN PART, AND REMANDING**

Donald Howard entered an open guilty plea to five counts of first-degree trafficking in a controlled substance, second offense. He was sentenced to ten years' imprisonment with a $1,000 fine on each count with two counts running consecutively for a maximum twenty-year total sentence.

He now appeals that judgment as a matter of right[1], contending that the trial court's imposition of the statutory maximum sentence was unconstitutional and that the court erred by imposing a partial fee to the public defender and court costs. We hold that the trial court did not err in sentencing Howard, assessing court costs, or imposing a partial fee for the public defender. We agree that the trial court erred by imposing the criminal

---

[1] Ky. Const. § 110(2)(b).

fines, so we vacate the criminal fines imposed in the judgment and remand the case to the trial court for entry of a conforming judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

In addition to Howard, the prosecution involved his two sons, Thomas Howard and Travis Howard, and a fourth person, Lloyd Lee. The four men, in various levels of involvement for each transaction, sold prescription pain pills to a confidential informant, Larry Fry. Fry, then on probation himself for trafficking in a controlled substance, was the only confidential informant used in this case.

On the first transaction, Howard and Thomas sold two pills to Fry. A similar transaction occurred two days later. Then, Howard sold four more pills to Fry. And a similar transaction occurred again several days later. One month later, Howard set aside six pills for Travis to sell, which he did. A short time later, all four were arrested and charged with trafficking in a controlled substance.

Howard entered an open, unconditional guilty plea to all five counts of the trafficking charges. When Howard entered his plea, the trial court warned him that he could be sentenced to a maximum of twenty years and, without a guilty-plea agreement with the Commonwealth, the court could impose up to the maximum sentence.

In determining Howard's sentence, the trial court considered the nature of his current charges and his criminal history and considered him a danger to the community and his family members by involving his sons in the drug trade.

2

The trial court imposed the maximum twenty years' imprisonment. Howard considers it noteworthy that he received a harsher sentence that all of his co-defendants.[2]

The trial court also imposed a series of fees and a fine: $600 public defender partial fee, a $1,000 fine, and court costs. Howard's counsel moved the trial court to waive these expenses, but the trial court denied his motion. Howard was ordered to make monthly payments of $100 beginning 90 days after his release; the court informed him that if he failed to make timely payments he would be returned to jail.

Howard now appeals to this Court, contending that his sentence was unconstitutional and that the imposition of the fine and fees by the trial court was erroneous.

## II. ANALYSIS.

### A. The Trial Court did not Abuse Its Discretion by Imposing the Statutory Maximum Sentence.

Howard's first claim of error is that the trial court abused its discretion in imposing the maximum sentence of twenty years for his trafficking offenses. He alternatively invokes two constitutional provisions in support of his theory. First, he argues that his rights under the Double Jeopardy Clause of the Fifth

---

[2] Thomas Howard was offered five years on two Class C trafficking counts and a $1,000 fine, five years on one Class D possession of a controlled substance charge, and twelve months and a $500 fine for possession of drug paraphernalia—all charges would run concurrently for one five year sentence. Travis Howard was offered five years on one trafficking charge. Lloyd Lee was offered five years on each trafficking charge to run concurrently for a five year total sentence, in addition to a $1,000 fine. The record reflects that the prosecutor distinguished the co-defendants from Howard because the pills sold were originally prescribed to Howard.

Amendment[3] were violated because the repeated sales of oxycodone over the course of a short period of time is a continuing course of conduct rather than six distinct charges. And second, he alleges that imposition of the maximum sentence is disproportionate to his offense and consequently is contrary to the Eighth Amendment's[4] prohibition of "cruel and unusual punishments."

## 1. *Abuse of discretion.*

Kentucky statutory law affords trial courts immense discretion in setting criminal penalties.[5] As the Commonwealth correctly acknowledges, trial courts retain discretion in decreasing unduly harsh sentences[6], in granting or denying probation[7], and in determining whether a defendant should serve sentences concurrently or consecutively.[8] In reaching sentencing decisions, Kentucky law does require trial courts to consider certain factors. For example, the trial court must consider the contents of the written Pre-Sentencing Investigation (PSI) Report[9], and it must also consider the effect of a sentence on a defendant's potential future criminal behavior.[10] But because such decisions are ultimately committed to the trial court's sound discretion, we review these rulings for an

---

[3] U.S. Const. amend. V ("...nor shall any person be subject for the same offense to be twice put in jeopardy or life or limb...").

[4] U.S. Const. amend VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").

[5] *See generally* Kentucky Revised Statutes (KRS) Chapter 532.

[6] KRS 532.070.

[7] KRS 532.040.

[8] KRS 532.110.

[9] KRS 532.050.

[10] KRS 532.007.

4

abuse of discretion. So we will not disturb the trial court's sentencing determination unless convinced that its decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[11]

In support of his claim that the trial court abused its discretion in setting his sentence, Howard relies primarily on our holding in *Edmonson v. Commonwealth*.[12] In *Edmonson*, we held that the defendant was entitled to a new sentencing hearing because the trial court had already made up its mind on the appropriate punishment before the hearing. The trial court's discretion "must be exercised only after the defendant has had a fair opportunity to present evidence at a meaningful hearing in favor of having the sentences run concurrently or present other matters in mitigation of punishment."[13] We cautioned trial judges that "the statutes and rule are not mere procedural formalities, but are substantive and may not be ignored."[14]

Howard contends that the trial court in his case similarly had no intention of considering any factors in mitigation of punishment. Unfortunately, he offers no proof that the trial court failed to consider his mitigating circumstances. But in support of his theory, Howard points to several pieces of evidence he offered at trial that he believes warranted a lighter sentence. This includes his rationalization that he was not dealing hard drugs and only sold the pills to assist a friend (Fry) who was supposedly in pain. He

---

[11] *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1995).

[12] 725 S.W.2d 595 (Ky. 1987).

[13] *Id.* at 596.

[14] *Id.*

5

offered to assist the Commonwealth as a confidential informant—a route taken by Fry to avoid harsher punishment. And Howard suggests that his medical condition at the time of sentencing should have influenced the trial court to impose a lesser sentence. He claims he had a serious back condition, heart trouble, spinal stenosis, and he was completely disabled. Howard concludes that the only way the trial court could have sentenced him to the statutory maximum under these circumstances is if the trial court failed truly to consider mitigation at all.

But, as the Commonwealth rightly notes, Howard knowingly, intelligently, and willingly entered into an open guilty plea expressly acknowledging this sentence was a possible outcome. The trial court thrice engaged in a colloquy with Howard about the implications of his open plea, and each time Howard acknowledged he wanted to proceed under these circumstances.

The record indicates that the trial court observed the proper sentencing procedures. The trial court acknowledged receipt and review of the PSI report and both parties' sentencing memoranda and contemplated other factors, including Howard's prior criminal history. There is simply no indication that the trial court summarily dismissed Howard's position before first considering it.

As for the trial court's motivations for imposing a harsher sentence, the trial court relied on a variety of factors. First, the court noted its disfavor with Howard's use of his sons in a drug trafficking enterprise. This factor is

6

certainly not dispositive because Howard's sons were adults with their own criminal backgrounds, but we do not fault the trial court for using this fact as one aspect of her criterion. In making its sentencing decision, the trial court also pointed to Howard's criminal history for the exact same offense. Howard had a previous felony conviction for this exact same charge—first-degree trafficking in a controlled substance.[15] While he was on parole for that conviction, he was indicted again for the same offense and ultimately pled guilty to a lesser misdemeanor charge. But Howard's propensity for re-offending after release bolstered the trial court's determination that Howard presented a danger to himself and the community and led to the decision to impose the statutory-maximum sentence.

When Howard entered the open guilty plea, he knowingly accepted the fact that this sentence was a possibility. There is no indication that the trial court failed to follow proper sentencing procedures, and the sentencing decision was based on a number of factors, including Howard's recidivism after two earlier convictions for the same activity. So we cannot conclude that the trial court's sentencing decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." The trial court did not abuse its discretion in imposing the twenty-year maximum sentence.

### 2. Double Jeopardy.

Howard next claims that his sentence violated the double-jeopardy clauses of the Fifth Amendment to the United States Constitution and Section

---

[15] This prior offense is why Howard's trafficking charge was enhanced from a Class D felony to the harsher sentences associated with Class C felonies.

7

13 of the Kentucky Constitution.[16] The text of the Kentucky constitutional provision bears remarkable similarity to its Fifth Amendment counterpart, and we have previously held that Kentucky's double-jeopardy provision encompasses identical protections.[17] And double-jeopardy issues may be raised on appeal regardless of whether Howard properly preserved the issue below.[18]

Howard claims the Double Jeopardy Clause was violated through the Commonwealth's choice to characterize his criminal activity as a series of individual violations rather than one continuous course of criminal conduct. And to be sure, under KRS 505.020, a defendant may not be convicted of multiple offenses when "the offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses." He sold the pills to the same person in similarly small quantities over a relatively short period of time. So he suggests that the legislature intended, in drafting KRS 218A.1412, to allow aggregation of small quantities in a short timespan to constitute one count of trafficking. Or, in other words, his position is that instead of being charged with several Class C felonies, he should have been charged with one Class D offense.

---

[16] "No person shall, for the same offense, be twice put in jeopardy of his life or limb..."

[17] *See Wilson v. Commonwealth*, 438 S.W.3d 345, 351 (Ky. 2014). *See also Little v. Commonwealth*, 422 S.W.3d 238, 248 (Ky. 2013) (federal and state double jeopardy clauses guarantee the same right).

[18] *See Menna v. New York*, 423 U.S. 61 (1975); *Brooks v. Commonwealth*, 217 S.W.3d 219, 221-22 (Ky. 2007).

Unfortunately for Howard, we have already addressed this precise issue. In *Gray v. Commonwealth*, we held that multiple counts of trafficking in a controlled substance do not violate double-jeopardy protections.[19] We have since staked a firm position on the course-of-conduct doctrine in our method of statutory interpretation. In *Williams v. Commonwealth*, we held that as a basic rule of construction, if the text does not refer to a course of conduct and instead only refers to singular and specific acts, each offense may be charged individually.[20] Howard asks us to revisit and overrule these decisions without offering any meritorious arguments for why they were incorrect. Without a compelling reason undermining our opinion in *Gray*, we see no reason to compromise that position today. Because *Gray* is binding precedent to this Court, we accordingly hold that Howard's sentence did not violate the Double Jeopardy Clauses of the United States and Kentucky Constitutions.

### 3. *Cruel and unusual punishment.*

Howard contends that the punishment imposed by the trial court violates the prohibition of cruel-and-unusual punishments under the Eighth Amendment to the United States Constitution and Section 17 of the Kentucky Constitution.[21] He asserts that the sentence he received was disproportionate to both the severity of the crime he committed and incongruent with punishments meted out to his co-defendants. Howard has not preserved this

---

[19] 979 S.W.2d 454, 455 (Ky. 1998), *overruled on other grounds by Morrow v. Commonwealth*, 77 S.W.3d 558 (Ky. 2002).

[20] 178 S.W.3d 491, 495 (Ky. 2005).

[21] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted."

issue for appeal and urges us to review this issue for palpable error under Kentucky Rule of Criminal Procedure (RCr) 10.26. Under that standard, we will not grant him relief unless we find that "a manifest injustice has resulted" from the trial court's error.[22]

In *Riley v. Commonwealth*, we established a three-part test for analyzing the proportionality of a contested sentence.[23] On review, an appellate court should consider: (1) the gravity of the offense and harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions.[24] The United States Supreme Court has also recognized that a trial court may punish recidivists more harshly than a first-time offender.[25] This essentially leaves us to comb through the totality of the circumstances in Howard's case to determine whether his sentence was constitutionally disproportionate. And we hold that it was not.

As previously noted, Howard is a repeat offender with respect to trafficking controlled substances. And in the present case he was charged with multiple counts of the same offense. In fact, he was the only one of his co-defendants to be involved in *every* drug transaction with the confidential informant, which likely explains why he received a harsher punishment than the other three members of this common criminal scheme. He is not

---

[22] RCr 10.26.

[23] 120 S.W.3d 622 (Ky. 2003).

[24] *Id.* at 633.

[25] *See Rummel v. Estelle*, 445 U.S. 263, 268 (1980).

challenging the validity of the sentencing structure for the crimes for which he was convicted but instead chooses to assail the trial court's discretion in selecting a punishment within the bounds fixed by the legislature. But most importantly, Howard knowingly accepted the possibility of this sentence when he entered his open guilty plea. All things considered, we cannot conclude that the twenty-year sentence, while no doubt harsh, raises constitutional concerns of arbitrary and unfair disproportionality.

## B. The trial court did not err by imposing the fees but did err by imposing the fine.

Howard argues that the fees associated with his prosecution were improperly assessed against him. At the close of his case, the trial court ordered that Howard pay court costs, a partial fee to the public defender of $600, and a $1,000 criminal fine. Howard adequately preserved this issue by moving the trial court to waive all costs and fines associated with his sentence, arguing that he is a "poor person" exempt from such fees by statute. Our authority to review criminal sentences is jurisdictional, and we maintain inherent authority to cure defective sentencing with respect to fines and court costs.[26]

KRS 23A.205 states that court costs may not be waived unless the trial court finds that the defendant is a "poor person" under KRS 453.190(2). There, a "poor person" is defined as "a person who is unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his

---

[26] *See Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010).

11

dependents of the necessities of life, including food, shelter, or clothing."[27]

Howard urges this Court to accept his status as a "poor person" for purposes of this statute to vacate the costs associated with his sentence. We address each fee in turn.

First, the trial court did not err in imposing court costs. As KRS 23A.205 unambiguously states, trial courts do not have discretion to waive court costs unless they make a factual determination that a defendant meets the statutory standard as a "poor person." Howard supports his argument that he was adjudged a poor person throughout his trial process because he was deemed indigent for purposes of appointing appellate counsel. But in *Spicer v. Commonwealth*, we directly rejected that argument, holding that a "defendant who qualifies as 'needy' under KRS 31.110 because he cannot afford the services of an attorney is not necessarily 'poor' under KRS 23A.205."[28] And more importantly, "the assessment of court costs in a judgment fixing sentencing is illegal only if it orders a person adjudged to be 'poor' to pay costs. If a trial court was not asked at sentencing to determine the defendant's poverty status and did not otherwise presume the defendant to be an indigent or poor person before imposing court costs, then there is no error to correct on appeal."[29] The record appears to indicate that the trial court had not previously

---

[27] KRS 453.190(2).

[28] 442 S.W.3d 26, 35 (Ky. 2014).

[29] *Id.* at 34.

determined Howard was a "poor person" for KRS 23A purposes, so the trial court did not abuse its discretion imposing court costs.

As for the $600 public-defender partial fee, Howard claims he is not subject to this cost because he was only represented by a public defender at the time of sentencing, and proceeded *in forma pauperis* on appeal. But he did have periodic private representation during various portions of this prosecution. KRS 31.211 provides, in pertinent part, that:

> At arraignment, the court shall conduct a nonadversarial hearing to determine whether a person who has requested a public defender is able to pay a partial fee for legal representation, the other necessary services and facilities of representation, and court costs. The court shall order payment in an amount determined by the court and may order that the payment be made in a lump sum or by installment payments to recover money for representation provided under this chapter. This partial fee determination shall be made at each stage of the proceedings.

The trial court determined that Howard could contribute some amount to his representation and found a reasonable basis to believe he would be able to pay the fee within the foreseeable future. And we are not convinced the trial court abused its discretion in assessing this partial fee.

Finally, the Commonwealth concedes that the trial court erroneously imposed the $1,000 criminal fine. Howard had been previously adjudged an "indigent" person for purposes of KRS Chapter 31. KRS 534.030(4) states that fines "required by this section shall not be imposed upon any person determined by the court to be indigent pursuant to KRS Chapter 31." Because proceedings reflected Howard's indigent status, we agree that imposition of the $1,000 criminal fine should be vacated.

13

### III.     CONCLUSION.

For the foregoing reasons, we affirm the trial court's judgment with respect to Howard's twenty-year sentence and the imposition of court costs and a public-defender partial fee, but we vacate that portion of the judgment that imposes the $1000 criminal fine against Howard. We remand the case to the trial court for entry of a new judgment consistent with this opinion.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Kathleen Kallaher Schmidt
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Thomas Allen Van de Rostyne
Assistant Attorney General