RENDERED: AUGUST 26, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0455-MR

MICHAEL V. HAYES                                                       APPELLANT

                             ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.                             HONORABLE MITCHELL PERRY, JUDGE
                                   NO. 13-CR-002996

COMMONWEALTH OF KENTUCKY                                    APPELLEE

**OPINION OF THE COURT BY JUSTICE HUGHES**

**<u>AFFIRMING</u>**

Although a defendant who enters an unconditional guilty plea typically waives his right to appeal, this Court has recognized some exceptions to the general rule, one of which is the appealability of so-called sentencing issues. *Windsor v. Commonwealth,* 250 S.W.3d 306 (Ky. 2008). This case requires us to consider again the scope of such sentencing issues, and more specifically whether a defendant who has entered an open plea can subsequently appeal on the grounds that his statutorily-authorized sentence should be reversed because the trial court did not give adequate consideration to mitigation evidence. Finding first that this type of appeal exceeds our current post-guilty-plea precedent, we further decline to extend the sentencing exception to encompass a dispute about the weight to be accorded mitigation evidence. Accordingly, we hold Appellant Michael V. Hayes has waived his right to appeal

his sentence but recognizing perhaps some uncertainty regarding appealability in these circumstances, we also address the merits of his appeal. For the reasons stated herein, we affirm the judgment of the Jefferson Circuit Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The police were called to Javon Dawson's apartment in early November 2013. They found Dawson dead on the floor, her throat cut. The investigation led to an interview with Hayes, a neighbor who usually bought drugs from Dawson's cohabitating boyfriend. At the time of the murder, Dawson's boyfriend was in jail and Dawson was selling drugs to raise money for his bail. The day before Dawson's murder, a neighbor heard Hayes banging on Dawson's door, asking to buy $100 worth of crack on credit. Although Hayes initially implicated another neighbor in the murder, he soon admitted killing Dawson.

A Jefferson County grand jury indicted Hayes for murder, robbery in the first degree, and tampering with physical evidence. The Commonwealth gave notice that it would seek the death penalty based upon the aggravated circumstance that Hayes murdered Dawson during the commission of robbery in the first degree. The Commonwealth's Offer on a Plea Agreement, which Hayes accepted, described the facts of the case as follows:

> On November 3, 2013, the defendant entered . . . the residence of . . . Dawson and her three children, and murdered Ms. Dawson with a 12-inch long kitchen knife. Ms. Dawson's three children were asleep in the apartment when this happened. The defendant was thereby able to steal items from the victim including her purse, which was recovered in his apartment. When officers arrived at his apartment during a neighborhood canvas, he hid in

2

his hall closet a bag containing the purse and its contents, the knife, and some bloody clothing.

The Plea Agreement also stated that the plea

is being entered as an open plea, without agreement between the parties as to penalty.  The defendant stipulates that, given that he committed the offense of murder while he engaged in the commission of a robbery in the first degree, this is an aggravating circumstance under KRS 532.025(2)(a)(2) and gives rise to the entire penalty range for capital murder as set out in KRS 532.030(1)[1] and outlined above [(20 to 50 years, or life, or life without parole, or life without parole for 25 years, or death)]. Therefore, the parties may argue for any penalty in that range and the Court will have sentencing discretion for the entire range of penalties.

The circuit court accepted Hayes' open guilty plea to the three charges. Its written order noted Hayes' stipulations and that the Commonwealth made no sentencing recommendation on the charges.

To assist the circuit court in the sentencing decision, in addition to the presentence investigation report prepared by the probation officer,[2] the

---

[1] Kentucky Revised Statute (KRS) 532.030(1) states: When a person is convicted of a capital offense, he shall have his punishment fixed at death, or at a term of imprisonment for life without benefit of probation or parole, or at a term of imprisonment for life without benefit of probation or parole until he has served a minimum of twenty-five (25) years of his sentence, or to a sentence of life, or to a term of not less than twenty (20) years nor more than fifty (50) years.

[2] KRS 532.050 provides the presentence procedure for felony conviction.  It states in part:

(1) No court shall impose sentence for conviction of a felony, other than a capital offense, without first ordering a presentence investigation after conviction and giving due consideration to a written report of the investigation.  The presentence investigation report shall not be waived; however, the completion of the presentence investigation report may be delayed until after sentencing upon the written request of the defendant if the defendant is in custody.

Commonwealth filed a Statement of Facts and Hayes filed a Sentencing Memorandum and a mitigation consultant's report. The Commonwealth also presented testimony from two of Dawson's sisters and entered a victim impact statement into the record during the sentencing hearing. Hayes did not call any witnesses and did not testify on his own behalf. In response to Hayes' request, the circuit court noted that it had already reviewed Hayes' memorandum and the mitigation report but would do so again prior to making its sentencing decision.

The Sentencing Memorandum and the mitigation report both conveyed to the trial court that Hayes had relatively little criminal history—and specifically no violent crimes. Moreover, Hayes' current crimes for which he was to be sentenced were related to 1) his never-treated cocaine and crack cocaine drug

---

(2) The report shall be prepared and presented by a probation officer and shall include:

(a) The results of the defendant's risk and needs assessment;

(b) An analysis of the defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation, and personal habits;

(c) A preliminary calculation of the credit allowed the defendant for time spent in custody prior to the commencement of a sentence under KRS 532.120; and

(d) Any other matters that the court directs to be included.

. . . .

(5) The presentence investigation report shall identify the counseling treatment, educational, and rehabilitation needs of the defendant and identify community-based and correctional-institutional-based programs and resources available to meet those needs or shall identify the lack of programs and resources to meet those needs.

addiction which was triggered by the 2006 deaths of his first fiancée and an infant daughter, and 2) his being under the influence of drugs at the time of the offenses. The two filings described Hayes' use of drugs and alcohol prior to using crack and cocaine. The memorandum described his early drug and alcohol use as insignificant. Hayes began using marijuana around twelve or thirteen years of age and started drinking alcohol around age eighteen, using both drugs and alcohol a few times a week until 2006, the year he turned twenty-six years old and lost his fiancée and child in a motor vehicle accident.

At the penalty hearing, in accordance with the Sentencing Memorandum, defense counsel requested the circuit court to also consider Hayes' remorse, acceptance of responsibility for the crimes, respect for the judicial proceedings throughout his six years before the court, and his ability to be rehabilitated. In his Sentencing Memorandum Hayes requested a sentence of twenty years for the murder, ten years for the robbery, and one year for the tampering with physical evidence, with the sentences to run concurrently. The Commonwealth, recounting the brutal crime, closed its argument asking that Hayes be sentenced to life without the possibility of parole.

The circuit court recessed to deliberate and then returned, announcing its sentencing decision. The trial court began by reviewing Hayes' open plea and Hayes' awareness that the trial court could sentence him to any of the possible sentences, a circumstance to which the parties again expressed

5

agreement. The circuit court explained that Hayes deserved mitigation,[3] but acknowledged that murder with a knife is intentional, deeply personal, and violent. The judge described the murder as one of the most gruesome things he had seen and expressed confidence that a jury would have strongly considered the death penalty. That being so, the circuit court concluded the only mitigation that made sense was the reduction of Hayes' sentence from the maximum allowed sentence, death, to life without possibility of parole. The circuit court stated it recognized Hayes' respectful, post-offense behavior and his owning up to his actions, and that his mitigation is a chance to continue to live. The circuit court also decided the appropriate sentence on the robbery was twenty years and on the tampering charge was five years, with the sentences running concurrently for a total sentence of life without the possibility of parole. The July 30, 2019 Judgment of Conviction and Sentence reflected that the court imposed the sentences "having given due consideration to the pre-sentence investigation report, and to the nature and circumstances of the crime, and to the history, character and condition of the Defendant." *See* KRS 533.010. Hayes then appealed his sentence to this Court.

## ANALYSIS

Hayes' primary issue on appeal is whether the circuit court abused its discretion when it imposed upon him a sentence of life without the possibility

---

[3] *See* KRS 532.025(2) ("In all cases of offenses for which the death penalty may be authorized, the judge shall consider . . . any mitigating circumstances . . . otherwise authorized by law and any of the . . . mitigating circumstances [listed in KRS 532.025(2)(a)].").

of parole. Hayes complains the trial court said nothing about the impact of his marijuana abuse at age thirteen and drinking alcohol at age eighteen and did not weigh the impact on his life of the deaths of his fiancée and child. He argues that the trial court's consideration of mitigation was so abbreviated that it equates to a refusal to consider mitigation, violating *Lockett v. Ohio*, 438 U.S. 586, 605 (1978) (holding death penalty cases require individualized consideration of mitigating factors). The Commonwealth argues that this Court should not reach the merits of this appeal due to Hayes' express waiver of his right to appeal.[4] Alternatively, the Commonwealth asserts that Hayes' argument is without merit and his sentence should be affirmed. We agree with the Commonwealth that Hayes' complaint about receiving a statutorily allowed sentence following his open plea is not an issue which may be appealed, but even if it were appealable, the trial court did not abuse its discretion when sentencing Hayes to life without parole.

Contemporaneously with accepting the plea offer, Hayes moved to enter a guilty plea, stating his understanding that by pleading guilty, he waived his right to appeal his case to a higher court. Hayes now cites *Hughes v. Commonwealth*, 875 S.W.2d 99, 100 (Ky. 1994), for the premise that his sentencing issue may be considered on appeal because "all defendants have

---

[4] Issues which survive an express waiver of the right to appeal include "competency to plead guilty; whether the plea complied with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); subject matter jurisdiction and failure to charge a public offense; and sentencing issues." *Grigsby v. Commonwealth*, 302 S.W.3d 52, 54 (Ky. 2010) (citing *Windsor*, 250 S.W.3d at 307).

the right to be sentenced after due consideration of all applicable law."[5]  We

agree with the Commonwealth that *Hughes* and the authority upon which it

relies do not apply in this case.  We disagree with Hayes that *Webster v.*

*Commonwealth*, 438 S.W.3d 321, 326-27 (Ky. 2014), supports his appellate

claim as preserved.

In *Hughes*, the defendant raised the issue whether the trial court

properly considered all applicable sentencing options before imposing a twenty-

year sentence for the crimes of criminal attempt to commit murder and robbery

in the first degree following his unconditional guilty plea.  875 S.W.2d 99.

Citing *Wellman v. Commonwealth*, 694 S.W.2d 696, 698 (Ky. 1985), *Hughes*

found the defendant's sentencing issue to be preserved, describing sentencing

as "jurisdictional."  875 S.W.2d at 100.[6]  With the phrase "sentencing is

jurisdictional" being somewhat obscure, we have since explained that it is a

reference to the appellate court's inherent jurisdiction to correct an illegal

sentence.  *See Jones v. Commonwealth*, 382 S.W.3d 22, 26-27 (Ky. 2011).

---

[5] Hayes cites *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016), for the premise that an appellate court reviews sentencing issues for an abuse of discretion.  Unlike in this case, the Commonwealth did not raise in *Howard* the issue that the defendant entered an open, unconditional guilty plea to five counts of first-degree trafficking in a controlled substance, second offense, and therefore waived his right to appeal his twenty-year sentence, the maximum sentence.  *Howard* accordingly reviewed whether the trial court abused its discretion by imposing the statutory maximum sentence.  *Id.* at 475-76.  In short, *Howard* did not address the threshold issue of appealability.

[6] *Wellman*, an appeal following a jury trial, appears to be the genesis of the "sentencing is jurisdictional" concept.  694 S.W.2d at 698.  There the trial court judgment erroneously imposed separate life sentences for the murder and the persistent felony offender count as opposed to a single life sentence as required by KRS 532.080(1).

8

Accordingly, a "sentencing issue" which may be appealed is a claim that a sentencing decision is contrary to statute, such as when an imposed sentence is longer than allowed by statute for the crime, or a claim that the decision was made without fully considering the statutorily-allowed sentencing options. *Grigsby*, 302 S.W.3d at 54.

Citing an example provided in *Webster*, 438 S.W.3d at 326-27 (relying on *Knox v. Commonwealth*, 361 S.W.3d 891, 895-99 (Ky. 2012)), and *Hughes*, 875 S.W.2d at 100–01), Hayes views his case as falling within the category of cases in which the trial court's sentencing decision was made without a full consideration of statutory sentencing options. He analogizes the "failure to consider and give effect to the available mitigating evidence" to the failure to consider various probation options as required in certain situations by KRS 533.010.[7] We cannot agree with Hayes' analogy. When a sentencing court fails to consider probation, or some other applicable sentencing option provided

---

[7] For example, KRS 533.010 provides in part:

(1) Any person who has been convicted of a crime and who has not been sentenced to death may be sentenced to probation, probation with an alternative sentencing plan, or conditional discharge as provided in this chapter.

(2) Before imposition of a sentence of imprisonment, the court shall consider probation, probation with an alternative sentencing plan, or conditional discharge. Unless the defendant is a violent felon as defined in KRS 439.3401 or a statute prohibits probation, shock probation, or conditional discharge, after due consideration of the defendant's risk and needs assessment, nature and circumstances of the crime, and the history, character, and condition of the defendant, probation or conditional discharge shall be granted, unless the court is of the opinion that imprisonment is necessary for protection of the public [for the reasons provided within the statute].

9

by statute, the defendant has not received the consideration directed by our legislature for punishment of that defendant's particular crime or crimes. However, where a defendant, like Hayes, has been allowed to present evidence of mitigating circumstances and the trial court has heard (or read) the evidence, then there is nothing to suggest KRS 532.025(2) has not been complied with, i.e., that the sentencing court has not considered the mitigating circumstances. Ultimately the weight to be accorded mitigation is a matter committed to the sound discretion of the trial judge and that discretionary assessment is not subject to appeal following entry of an unconditional, open guilty plea.

In short, a sentencing issue or illegal sentence does not arise when the trial court, without dispute, acknowledges the sentencing range available, and then, after hearing the evidence offered in mitigation, imposes upon the defendant a punishment within that statutory range. Hayes' claim that the trial court abused its discretion when it entered a sentence of life without parole does not survive his waiver of appeal.

Nevertheless, even if the trial court's sentencing decision were subject to review, under an abuse of discretion standard, we cannot find that the trial court erred when sentencing Hayes. An appellate court will not disturb a trial court's sentencing determination unless it is convinced that the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Howard*, 496 S.W.3d at 475 (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). The trial court properly followed the sentencing

10

procedures, explained its sentencing determination at the end of the penalty phase, and properly reduced its considerations to writing in its Judgment of Conviction and Sentence. Although the trial court did not conclude Hayes deserved the lighter sentences he requested, the court also clearly did not abuse its discretion by imposing the life without parole sentence upon Hayes given the totality of factors to be considered, including as referenced in the Judgment "the history, character and condition of the Defendant" and "the nature and circumstances of the crime."

Lastly, Hayes presents the unpreserved argument that this Court should overrule *Bowling v. Commonwealth*, 942 S.W.2d 293, 306 (Ky. 1997) (*overruled on other grounds by McQueen v. Commonwealth*, 339 S.W.3d 441 (Ky. 2011)),[8] and require trial courts to make specific findings of mitigating factors. Hayes cites *Proffitt v. Florida*, 428 U.S. 242, 251 (1976), for the premise that written findings are essential to meaningful appellate review. In *St. Clair v. Commonwealth*, 451 S.W.3d 597, 647 (Ky. 2014), this Court considered *Proffitt*'s influence as to whether written mitigation findings should be required. Addressing St. Clair's unpreserved argument, we explained that *Proffitt* does not require written mitigation findings and that opinion, being a plurality of only three justices, "at most stands for the proposition that a system

---

[8] Authority preceding *Bowling* includes *Sanders v. Commonwealth*, 801 S.W.2d 665, 681 (Ky. 1990) (citing *Smith v. Commonwealth*, 734 S.W.2d 437 (Ky. 1987), and *Gregg v. Georgia*, 428 U.S. 153, (1976)), which explains that "[s]pecific findings as to mitigating circumstances are not required by law or constitution."

11

incorporating written mitigation findings, among other things, satisfies the Constitution" and that "[s]uch findings are a sufficient condition for constitutionality, not a necessary one." Finding no compelling reason to overrule *Bowling*, we decline Hayes' invitation. *See St. Clair*, 451 S.W.3d at 647 (explaining that courts have repeatedly rejected the argument that reversible error occurs when the jury instructions fail to require written findings as to mitigation).

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's judgment is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Julia Karol Pearson
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Thomas Allen Van De Rostyne
Assistant Attorney General