RENDERED: FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0168-MR

HAROLD MICHAEL MILAM                                                APPELLANT

v.                          APPEAL FROM RUSSELL CIRCUIT COURT
                   HONORABLE VERNON MINIARD, JR., JUDGE
                            ACTION NO. 21-CR-00143

COMMONWEALTH OF KENTUCKY                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE: The Appellant ("Milam") seeks review of a finding of direct contempt and the sentence imposed upon him for that contempt. Milam contends the circuit court abused its discretion in finding him in contempt and erred in delaying the service of the contempt sentence. We affirm.

On January 25, 2022, Milam appeared for a pretrial conference. The video record accurately reflects Milam's conduct and his interaction with the

presiding judge. As the attorneys first tried to discuss setting a trial date, Milam interrupted, asking the judge about getting a bond he could post. The prosecutor offered information about bond factors, including prior criminal history. When the prosecutor stated Milam faces charges of violent offenses and has a history of a prior violent offense, Milam called the prosecutor a liar.

The charges against Milam in this case are first-degree sexual abuse[1] and first-degree criminal abuse.[2] By statutory definition, such charges may be referred to as violent offenses.[3] Even if charges do not meet a specific statutory designation, reasonable people may disagree about how "violent" prior crimes were.

Milam's record includes reference to a prior conviction for fourth-degree assault, as well as a second-degree assault charge which was amended to first-degree wanton endangerment. As to the latter amended charge, Milam was granted a pretrial diversion. Despite documented violations of that diversion, that prior case was dismissed, because no action had been taken to void the diversion within the allotted time. *Milam v. Commonwealth*, 593 S.W.3d 68, 70 (Ky. App. 2020).

---

[1] Kentucky Revised Statute ("KRS") 510.110.

[2] KRS 508.100.

[3] KRS 439.3401(1)(f), (k).

The circuit court did not refer to the discussion about pending violent charges and history in making its bond decision, which is not the subject of this appeal. We mention it only for context of the interaction between Milam and the judge. After Milam called the prosecutor a liar, Milam continued to question his attorney about the filing of a bond motion. The judge first tried to get Milam's attention by saying "Hey." The judge then banged his gavel as he rose from a seated position to tell Milam: "You shut your mouth until you're asked to talk."

The judge directed Milam not to speak about court personnel as Milam had done (calling the prosecutor a liar). Milam apologized. The judge then calmly explained the court's bond decision was based on a "high" risk assessment, which the judge further explained "that means you don't appear." There was no mention of the violent charge history as a factor in the judge's bond decision.

Milam then continued to question his attorney before again making a direct and unsolicited statement to the judge. Referring first to his attorney, Milam said, "He's fired" and then referring to both his attorney and the female prosecutor by exclaiming, "He's having sexual relations with the prosecutor." At this point, the judge imposed a six-month sentence for contempt of court for "making allegations like that in here." The judge then made it clear the six-month sentence would be consecutive to any sentence Milam may receive for his charges.

## STANDARD OF REVIEW

This case involves direct criminal contempt for conduct occurring within the sight or hearing of the court. *Commonwealth v. Burge*, 947 S.W.2d 805, 808 (Ky. 1996). The trial court's findings of fact of what occurred must be accepted by this Court if supported by substantial evidence. *Payton v. Commonwealth*, 327 S.W.3d 468, 471-72 (Ky. 2010). No one disputes the actual conduct which is clearly recorded. The comments on the oral record support the circuit court's written statement the contempt was for an "outburst in court."

Whether certain conduct constitutes contempt is a question of law which we review *de novo*. *See Burge*, *supra* (explanation of conduct which may constitute direct contempt). The decision to find contempt, the nature of the sentence, and how it is imposed (consecutively, for example) by the trial court is within its discretion. *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016). We may only reverse the exercise of that discretion if it is abused. *Id.*

## ANALYSIS

Regardless of comments about how many jails Milam had been in and why (comments not made when Milam was interacting with the judge), the question here is what Milam did in the courtroom and how the judge responded. The finding of contempt occurred only after Milam had been warned not to make statements about court personnel after he called the prosecutor a liar. Milam was

-4-

ordered not to speak until asked to do so. Milam immediately disobeyed the court's direct order. Milam spoke up again alleging a sexual relationship between the prosecutor and his own attorney to support Milam's firing of the attorney. Milam's appellate counsel concedes the comments Milam made were "ugly and inflammatory." Appellant's Brief at page 9.

The obligation of the court to maintain order and decorum in its proceedings authorized the judge in these circumstances to get Milam's attention with the stern direction to be quiet. While Milam's present counsel may have preferred to hear gentler language and see a calmer demeanor, the judge here was shown to be acting within his discretion. When Milam spoke again without permission and made another outrageous allegation in direct defiance of the earlier order of the court to remain silent and not make such allegations, the finding of contemptuous conduct by Milam was justified.

A court must maintain proper decorum which includes maintaining respectful interaction among the participants in a hearing. *See Preston v. Commonwealth*, 406 S.W.2d 398, 404 (Ky. 1966) (litigant interrupting a witness to suggest the witness was being paid for false testimony).[4] The maximum of six months is within the judge's sentencing authority for a sentence in a summary

---

[4] "Disorderly conduct in the court room, or the use of violence, or threatening, or insulting language to the court, witnesses, or counsel is contempt." *In Re Smith*, 926 So.2d 878, 888 (Miss. 2006) (citations omitted).

proceeding when direct contempt occurs. *Newsome v. Commonwealth*, 35 S.W.3d 836, 840 (Ky. App. 2001).

Milam concedes he did not preserve any error in the imposition of the consecutive sentence. He requests palpable error review. RCr[5] 10.26. This Court will review alleged errors in sentencing, even if not preserved. *Jones v. Commonwealth*, 382 S.W.3d 22, 27-28 (Ky. 2011). As we will explain, the trial court committed no error in the sentencing, much less an unpreserved error which resulted in any manifest injustice.

Having reviewed all the judge's statements on the record, it is clear the judge imposed a six-month sentence ("you've got six months"). The further comments make clear the sentence was to be consecutive. The law does not prohibit the consecutive misdemeanor sentence in these circumstances. *See Handley v. Commonwealth*, 653 S.W.2d 165, 166 (Ky. App. 1983). The superfluous comments about parole eligibility do not change the actual nature of the sentence. The circuit court did not err in making the sentence consecutive. The application of jail credit for the pending case, if a conviction occurs later, would not change Milam's right to apply every day he serves to one sentence or another. The six-month contempt sentence is still consecutive, which the circuit court had the legal authority to impose.

---

[5] Kentucky Rules of Criminal Procedure.

Within ten days of the imposition of the contempt sentence, the circuit court ordered an evaluation of Milam for competency and criminal responsibility based on a motion by Milam's counsel. Milam filed no motion to alter or amend or vacate the circuit court's previous finding of contempt or the sentence imposed claiming any lack of criminal responsibility. Because the contempt decision was subject to immediate appeal, this Court does not have the record of the later proceedings which would reveal any competency or criminal responsibility determinations.

While the parties commented on the evaluation in their briefs, the issue of how this might impact the contempt finding was not fully addressed or for that matter preserved for our review. Our research reveals responsibility for contempt may be determined by the circumstances of the conduct at the time it occurs. *United States v. Flynt*, 756 F.2d 1352, 1365 (9th Cir. 1985). Milam illustrated his ability to comply with the rules of the court when he acknowledged the judge's first warning and apologized for his conduct. Milam was not shown to be so delusional or otherwise mentally ill as to be unable to conform to acceptable court behavior. The circuit court did not err in finding contempt and sentencing Milam for that contempt based upon any later claim Milam was not responsible for his behavior.

## CONCLUSION

The order of the Russell Circuit Court finding the Appellant in contempt and sentencing him to serve six months consecutive to another sentence is AFFIRMED.

ALL CONCUR.


BRIEF FOR APPELLANT:

Jennifer Wade
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky