RENDERED:  JANUARY 30, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1496-MR

CALEB JOSEPH COX                              APPELLANT

                APPEAL FROM TAYLOR CIRCUIT COURT
v.          HONORABLE SAMUEL TODD SPALDING, JUDGE
                 ACTION NO. 20-CR-00268-003

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  L. JONES, LAMBERT, AND McNEILL, JUDGES.

LAMBERT, JUDGE:  Caleb Cox appeals from a decision of the Taylor Circuit Court denying his request to be granted probation upon turning 21 years old.  We affirm.

Cox and others planned to steal money and marijuana from James Carman.  Cox and the others went to Carman's home, and met Carman outside.  Cox fatally shot Carman as Carman attempted to flee inside his residence.  Cox agreed to plead guilty to manslaughter in the first degree, robbery in the second

degree, and four counts of wanton endangerment in the first degree, with a total sentence of 30 years' imprisonment.

Cox was 17 when he was sentenced, so he was sent to a facility operated by the Department of Juvenile Justice (DJJ). *See* Kentucky Revised Statutes (KRS) 640.030(2). Cox was later allowed to remain at a DJJ facility until he attained the age of eighteen years and five months. *See* KRS 640.030(2)(b). After reaching that age, Cox asked the trial court for probation. The trial court denied Cox's motion, concluding that granting him probation would unduly depreciate the seriousness of his offenses. However, the DJJ allowed Cox to remain at one of its facilities until he turned 21. *See* KRS 640.075(1).

Upon turning 21, Cox filed a final motion for probation with the trial court. *See* KRS 640.075(4). At the hearing on Cox's motion, Cox presented witnesses who testified about Cox's exemplary behavior at the DJJ facility and the rehabilitative progress he had made. The court also heard evidence opposing Cox's motion from Carman's loved ones.

The trial court deemed Cox's motion to present "the most difficult decision this Court has faced since beginning this position in 2015" because Cox had been a model resident of the DJJ facility, but he also had caused Carman's death. Ultimately, the court denied Cox's motion, holding that requiring him to be in custody for only about four to five years "would unduly depreciate the serious

nature of the crime[s]." After the trial court denied Cox's motion to alter, amend, or vacate, he filed this appeal.

We review the trial court's decision to deny probation under the deferential abuse of discretion standard. *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016). *See also, e.g.*, *Burke v. Commonwealth*, 506 S.W.3d 307, 314 (Ky. 2016) (holding that "the granting of probation is wholly within the discretion of the trial court."). "So[,] we will not disturb the trial court's sentencing determination unless [we are] convinced that its decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Howard*, 496 S.W.3d at 475 (internal quotation marks and citations omitted).

KRS 533.010 governs a trial court's determination of whether to grant probation to a criminal defendant. KRS Chapter 533 applies "equally" to the decision of whether to grant probation to youthful offenders and adult offenders. *Commonwealth v. Jeffries*, 95 S.W.3d 60, 62 (Ky. 2002). KRS 533.010(2)(c) provides that, a trial court "shall" grant probation to an eligible defendant "unless the court is of the opinion that imprisonment is necessary for protection of the public because . . . [a] disposition under this chapter will unduly depreciate the seriousness of the defendant's crime."[1] The trial court here explicitly cited KRS

---

[1] Cox's manslaughter conviction would ordinarily make him ineligible for probation under KRS 533.060(1) because that Class B felony involved the usage of a firearm which resulted in another

533.010(2)(c), having concluded that granting probation to Cox would unduly depreciate the seriousness of his offenses.

We discern no abuse of discretion in the trial court's conclusion. Cox's rehabilitative behavior while he was in DJJ custody was exemplary. Nonetheless, "[a] youthful offender has no guarantee of probation . . . ." *Jeffries*, 95 S.W.3d at 62. Cox's offenses caused the death of Carman, and the trial court heard evidence of the ongoing, devastating effect Carman's death continued to have on his loved ones. As the trial court aptly noted, there was compelling evidence for, and against, granting probation to Cox and so we reject Cox's argument that, in essence, the trial court was required to grant him probation.

Even though the trial court expressed concerns with the length of Cox's sentence, we are not persuaded by Cox's argument that the trial court abused its discretion by denying his motion for probation instead of attempting to creatively fashion a lesser sentence. We need not examine whether the trial court could properly have reduced Cox's agreed-upon thirty-year sentence because that issue is not properly before us. Instead, the only issue which is properly before us is whether the trial court abused its discretion by denying Cox's motion for

person's death. However, KRS 640.040(3) provides that "[n]o youthful offender shall be subject to limitations on probation, parole or conditional discharge as provided for in KRS 533.060."

-4-

probation. Indeed, the serious, fatal nature of Cox's underlying criminal misconduct would not be changed by the precise length of his prison term.

The trial court weighed the conflicting evidence and considered the appropriate statutory factors. It was not required to do more. The fact that Cox presented evidence to support granting his motion does not make the decision to deny the motion "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Howard*, 496 S.W.3d at 475. As our Supreme Court held in a similar case:

> Once a youthful offender attains the age of 18, however, there is no guarantee of probation or parole, regardless of the progress he may have made along the road to rehabilitation. Instead, the decision to probate or parole a youthful offender may only be made after careful consideration of several factors. Those factors are enumerated in KRS 533.010, which the trial court here properly applied after conducting the sentencing hearing required by KRS 640.030(2).

*Johnson v. Commonwealth*, 967 S.W.2d 12, 15 (Ky. 1998).

Because the record shows that the trial court considered the evidence and meticulously complied with the relevant statutory requirements, we affirm the decision to deny Cox's motion for probation.

ALL CONCUR.

-5-

BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Graham Pilotte
Assistant Solicitor General
Frankfort, Kentucky