**John EDMONSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

March 12, 1987.

Daniel T. Goyette, J. David Niehaus, Jefferson Dist. Public Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Barbara A. Kriz, Daniel E. Cohen, Asst. Attys. Gen., Frankfort, for appellee.

LAMBERT, Justice.

Appellant appeals to this Court as a matter of right from a judgment of the Jefferson Circuit Court sentencing him to twenty years imprisonment on two counts of first degree attempted rape and two counts of first degree sexual abuse. Appellant also appeals from that portion of the judgment imposing court costs. In addition, he contends that the trial court's failure to consider probation was prejudicial error.

On January 28, 1986, appellant pled guilty to the charges set forth above. His plea was in exchange for the Commonwealth's recommendation of ten years on each of the attempted rape charges, and five years on each of the sexual abuse charges. There was no agreement as to whether the Commonwealth would recommend consecutive or concurrent sentences.

The victims were appellant's daughters, ages five years and three years.

A sentencing hearing was set for February 24, 1986, and a pre-sentence investigation was ordered by the Court. Prior to the sentencing hearing, the pre-sentence investigation report was filed and was available for review by the trial judge. At the sentencing hearing, appellant appeared with counsel and argument was presented in favor of having the sentences run concurrently for a total of ten years imprisonment. Appellant's counsel argued that appellant had been sexually abused as a child, that he voluntarily obtained treatment, and that he had no previous criminal record.

At the sentencing hearing, appellant also objected to the imposition of court costs. His grounds for seeking waiver of court costs were that he was indigent and was being represented by the public defender's office *.

While the sentencing hearing was in progress, appellant's trial counsel advised the court that a statute precluded probation and the trial court agreed with this conclusion. Appellant now argues, however, that attempted rape is not one of the crimes for which denial of probation is required under KRS 532.045(1)(a). He denies that his crime constituted "substantial sexual conduct" as defined by the KRS 532.-045(2), and urges this Court to review this unpreserved issue pursuant to RCr 10.26.

Immediately after the sentencing hearing, the trial judge handed copies of the final judgment to counsel for the parties. The judgment was on a pre-printed form and the blanks had been filled in with a typewriter. In addition and despite his objection, appellant was also ordered to pay court costs of $65.00.

KRS 532.050 requires a trial judge to give due consideration to the pre-sentence investigation report and give the defendant "a fair opportunity and a reasonable period of time" to controvert the contents thereof. KRS 532.110(1) requires a determination that "... such multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence...." RCr 11.02 requires the court to "consider the possibility of probation or conditional discharge and [the court] shall afford the defendant and his counsel an opportunity to make a statement or statements in the defendant's behalf and to present any information in mitigation. of punishment."

■■■ The record is clear that the trial judge prepared the final judgment prior to the sentencing hearing. By order settling the record on appeal, the trial judge disclosed that the document passed over the Bench to counsel immediately after the sentence was pronounced was the final and completed judgment. From this, we must conclude that the trial judge had either made up her mind as to the sentence which would be imposed, or she had tentatively decided what sentence to impose unless the defendant came forward with some compelling reason for leniency. KRS 532.110(1) grants the trial court discretion to impose concurrent or consecutive sentences. However, such discretion must be exercised only after the defendant has had a fair opportunity to present evidence at a meaningful hearing in favor of having the sentences run concurrently or present other matters in mitigation of punishment. The statutes and rule are not mere procedural formalities, but are substantive and may not be ignored.

■■ Next is the issue of court costs. KRS 23A.205(1) fixes the amount and KRS 23A.205(2) grants the trial court discretion in imposing court costs. However, KRS 31.110(1)(b) states that a needy person is entitled to legal representation, including investigation and other preparation, and "The courts in which the defendant is tried shall waive all costs." We see no inconsistency in these statutes. The specific statute, KRS 31.110, is controlling. *Heady v. Commonwealth,* 597 S.W.2d 613 (1980).

---

* In the trial court, appellant was represented by the Jefferson District Public Defender. On appeal, appellant was granted leave to proceed *in forma pauperis* with the Jefferson District Public Defender acting as counsel.

Finally, appellant complains that the court erred in not considering him for probation on the attempted rape charges. He admits that this issue is unpreserved, but urges this Court to review it under RCr 10.26. In view of our ruling that appellant is entitled to a new sentencing hearing, it is unnecessary to address this issue.

For the foregoing reasons, the trial court's final judgment and sentence of imprisonment is vacated and this cause remanded to the Jefferson Circuit Court for a new sentencing hearing. The Chief Judge of the Jefferson Circuit Court shall assign this case to some judge other than the trial judge who originally imposed the sentence. The judgment is reversed as to the imposition of costs on defendant.

Full Court sitting.

All concur.