Sherryl Frey LYNCH, Appellant,

v.

Boyd Lee LYNCH, Appellee.

No. 86–CA–2457–MR.

Court of Appeals of Kentucky.

Sept. 25, 1987.

David B. Redwine, Winchester, for appellant.

Mitchell A. Charney, Edward L. Schoenbaechler, Louisville, for appellee.

Before COMBS, REYNOLDS and WEST, JJ.

REYNOLDS, Judge.

This appeal arises from an order of the Fayette Circuit Court which changed appellant's sole custody of the parties' two minor children into a "joint reciprocal custody" arrangement in favor of both parents. Appellant maintains she was denied due process of law and a fair trial. We reverse as the record reflects, at a minimum, the appearance of a denial of due process.

Both parties are aware of the underlying facts behind this long-running dispute, and we therefore find it unnecessary to provide more than a brief recitation of the background. Sherryl Frey Lynch (appellant) and Boyd Lee Lynch (appellee) were married on August 4, 1973. Two children were born of this marriage, John (approximately 13 years old), and Leanne (approximately 8 years old). On October 13, 1982, appellee filed a petition for divorce. A decree of dissolution was entered by the Fayette Circuit Court on May 13, 1983. This decree, pursuant to a separation agreement, gave custody of the two children to appellant and provided appellee with open visitation.

However, this policy of open visitation was not successful and, within four months, appellee made his first motion for specific visitation. The parties' inability to reach any sort of understanding on visitation is amply illustrated in the over 400 pages of record which accompanied this action. The current dispute began on April 21, 1986, when appellee filed a motion for a change of custody.

A hearing on this motion began on September 2, 1986, and continued into the next day. During these two days, appellee presented most of his case-in-chief. By agreement, one of appellant's witnesses, a licensed psychologist, testified out of order. The hearing was then continued to October 3, 1986.

Appellee concluded his case-in-chief on that day. Appellant then began her argument and completed all of her evidence, except for one witness who the trial court deemed unnecessary. It was at this point in time that the court presented each party with a 16–page document explaining:

> I have heard all of this testimony and I strongly believe that the decision should be made immediately in this case. I have undertaken to draw up Findings of Fact and Conclusions of Law and an Order in anticipation of not learning anything new today. I will give you copies of it, copies so that you and your clients may read it

> . . . . .

Over appellant's objection, this order was subsequently entered.

The order, citing the inability of the parties to work out their visitation disagreements set up a system known as "joint reciprocal alternating custody." Briefly, this procedure divides the year into four three-month periods. During the first three months, one party (in this situation appellant) would have custody for three weeks, followed by one week in which the other party (appellee) would have custody, followed by three weeks for appellant, followed by one week for appellee, and so on. At the end of the first three-month period the times switch, giving appellee custody for three weeks, followed by appellant for one week, and so on. The sequence continues to reverse with each quarter.

It is not necessary for this Court to decide the appropriateness of such a system at this time. Appellant's primary argument is concerned with the manner in which this order was entered.

 It is clear from the record that the trial court had prepared its findings, conclusions and order prior to the final day of testimony. Except for one witness, previously taken out of order, appellant had not presented any evidence until after the document had been prepared. Due process requires, at the minimum, that each party be given a meaningful opportunity to be heard. *Utility Regulatory Commission v. Kentucky Water Service Company, Inc.*, Ky.App., 642 S.W.2d 591, 593 (1982); *see also Somsen v. Sanitation Dist. No. 1 of Jefferson County*, 303 Ky. 284, 197 S.W.2d 410, 411 (1946). Hearings should be conducted in a manner which leaves no question to their regularity. *Dalby v. Cook*, Ky., 434 S.W.2d 35, 38 (1968). Although the trial court retained the option of not releasing its previously prepared order, its action in this situation creates the appearance that it had made up its mind before it had all of the evidence.

The record does contain information which might explain the trial court's desire for a quick solution. The two children had been in a state of uncertainty, because of their parent's inability to work together, since the divorce. We understandingly sympathize with the trial court's attempt to bring this matter to an equitable solution as soon as possible, but due process cannot be ignored.

 Appellant has directed us to a recent criminal case which somewhat parallels our situation. In that action, the trial court had prepared the final judgment prior to a sentencing hearing. The Kentucky Supreme Court held that this was an abuse of discretion, even though the trial court retained the option of changing the judgment if the defendant produced some compelling evidence. *Edmonson v. Common-wealth*, Ky., 725 S.W.2d 595, 596 (1987). The trial court's discretion "must be exercised only after the defendant has had a fair opportunity to present evidence at a meaningful hearing ..." *Id.*

In *Edmonson*, the Kentucky Supreme Court vacated the judgment and returned the case for action by a different circuit judge. 725 S.W.2d at 597. We conclude that this would also be the correct procedure in this situation. There is a complete record, including video transcripts of the hearing, making additional testimony unnecessary.

 Although we decline to discuss the merits of the trial court's decision, two of appellant's other points merit a brief discussion. Appellant claims that the trial court considered material outside the evidence. It is well settled that extrajudicial evidence, not part of the record, cannot form the basis of a decision. *Wells v. Wells*, Ky., 406 S.W.2d 157, 158 (1966). Appellant also contends that the trial court erred in not making the specific findings required by KRS 403.340. We agree. While this Court has concluded that such findings are unnecessary when changing from joint custody to sole custody, such findings are always required when changing single custody into another arrangement. *See Benassi v. Havens*, Ky.App., 710 S.W.2d 867, 868–69 (1986).

For the foregoing reasons, the order of the Fayette Circuit Court is vacated and this action is remanded with directions that it be assigned to a different circuit judge for new findings and conclusions, based on the present record.

All concur.