RENDERED: OCTOBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1706-ME

KATHRYN NICOLE HANSON,
(F/K/A WORK) IN HER INDIVIDUAL
CAPACITY AND AS MOTHER AND
NEXT FRIEND FOR E.A.W.; W.F.W.; AND E.S.W.          APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
FAMILY COURT DIVISION
v.          HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 19-D-500582-002


JESSE HENDRICKS WORK          APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE: Kathryn Nicole Hanson (f/k/a Work) in her individual

capacity and as mother and next friend for E.A.W., W.F.W., and E.S.W. brings this

appeal from a November 5, 2019, order of the Jefferson Circuit Court, Family

Court Division, dismissing Kathryn's petition for a domestic violence order (DVO) against her former husband, Jesse Hendricks Work. We vacate and remand.

Kathryn and Jesse were married on May 19, 2007. Three children were born of the parties' marriage: E.A.W. was born on April 12, 2008; W.F.W. was born on May 23, 2009; and E.S.W. was born on September 15, 2011.

On February 28, 2019, Kathryn filed a petition for an order of protection against Jesse (Action No. 19-D-500582-001), and an Emergency Protective Order was entered. The following day, Jesse filed a petition for dissolution of marriage (Action No. 19-CI-500640). Following an evidentiary hearing upon Kathryn's petition, a DVO was entered on behalf of Kathryn and the three children on March 12, 2019 (Action No. 19-D-500582-001).[1] Thereafter, on March 28, 2019, dependency, neglect, and abuse (DNA) petitions were filed on behalf of the parties' three children (Action Nos. 19-J-501868-001, 19-J-501869-001, and 19-J-501870-001).[2] All of the preceding actions were filed in the Jefferson Circuit Court, Family Court Division (family court).

---

[1] Action No. 19-D-500582-001, which resulted in a Domestic Violence Order (DVO) being entered on March 12, 2019, is not part of the record on appeal. However, the docket sheet for Action No. 19-D-500582-001 on CourtNet reflects that amendments were made to the March 12, 2019, DVO on a few occasions. Although unclear from the record, the amendments apparently permitted Jesse to have some contact with the children.

[2] Dependency, neglect, and abuse proceedings (Action Nos. 19-J-501868-001, 19-J-501869-001, and 19-J-501870-001) were initiated on March 28, 2019, and are not part of the record on appeal.

A Limited Decree of Dissolution of Marriage was subsequently entered on July 22, 2019 (Action No. 19-CI-500640) dissolving the parties' marriage and reserving all other issues, including child custody and timesharing, for future adjudication.

Then, on October 9, 2019, Kathryn filed a second petition for entry of a DVO (Action No. 19-D-500582-002) from which this appeal emanates. Therein, Kathryn described an incident that occurred on October 5, 2019, just a few weeks after Jesse had been permitted to resume unsupervised visits with the children following entry of the first DVO on March 12, 2019. The children came home from the visit and told Kathryn that Jesse violently threw their ten-year-old son into the stove causing him to hit his head on a pan and then locked him out of the house. The children reportedly told Kathryn they were terrified of Jesse.

An evidentiary hearing on Kathryn's petition for a DVO began on October 22, 2019, and was continued until November 5, 2019. Following the conclusion of the November 5, 2019, hearing, the family court denied Kathryn's petition for a DVO. A handwritten docket sheet order was entered by the family court on November 5, 2019, which provided:

> Parties both present & [with] counsel. [Court] declined to hear from the parties' [children] due to their already having been interviewed by [Cabinet with] no substantiation or supervision restriction on [Jesse's visitation]. [Children] may testify in the [dependency, neglect, and abuse] action when their GAL is present.

> Neither [the Cabinet] worker Glenda Freeman or Robin Jordon from SAFY was called & also not available. [Jesse] has not seen the [children] since early October despite [court] orders to the contrary; [Kathryn] is exhibiting gatekeeping which is concerning to the [court]. [Kathryn] appeared visibly upset when [the court] said the [children] needed both parents in their lives. Burden not met by [Kathryn]; case dismissed. Issues [are] more properly addressed in circuit [court] & DNA actions when GAL can be present for [children].

This appeal follows.

Upon review of a denial of a DVO, the standard of review is whether the family court's denial was clearly erroneous or whether the court abused its discretion. *Hall v. Smith*, 599 S.W.3d 451, 454 (Ky. App. 2020) (citations omitted). And, the entry of a DVO is governed by Kentucky Revised Statutes (KRS) 403.740, which provides that the family court is permitted to issue a DVO where it "finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur." KRS 403.740(1); *Hall*, 599 S.W.3d at 454. A preponderance of the evidence is evidence that "establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Hall*, 599 S.W.3d at 454. The reviewing court is not permitted to substitute its own findings of fact for that of the family court unless those findings are clearly erroneous. *Id.*

Kathryn contends the family court erred by denying her October 9, 2019, petition for a DVO without conducting a full evidentiary hearing. More

specifically, Kathryn asserts the family court denied her the opportunity to present the proof necessary to satisfy her burden that domestic violence had occurred and is likely to again occur.

It is well-established that due to the immense impact an EPO or DVO has on an individual's life and a family's life, the court is required to provide a full evidentiary hearing to both parties. *Wright v. Wright*, 181 S.W.3d 49, 53 (Ky. App. 2005). And, due process requires that each party is to be given "a meaningful opportunity to be heard." *Id.* (quoting *Lynch v. Lynch*, 737 S.W.2d 184, 186 (Ky. App. 1987)). A meaningful opportunity to be heard includes allowing each party the opportunity to present evidence and give sworn testimony. *Wright*, 181 S.W.3d at 53; *Hawkins v. Jones*, 555 S.W.3d 459, 462 (Ky. App. 2018) (citation omitted).

From our review of the record, it appears that Kathryn was not given a hearing that included a meaningful opportunity to be heard upon her petition for a DVO. At the first hearing on October 22, 2019, the family court heard testimony from a caseworker with the Cabinet. The caseworker identified herself as the ongoing caseworker for the family, presumably as a result of the pending DNA cases. The caseworker for the Cabinet testified that Kathryn had contacted her about the incident that transpired when the children were with Jesse on October 5, 2019. However, the caseworker acknowledged she had not interviewed any of the

children about the incident at that time. The caseworker further testified that she ultimately informed Kathryn the complaint did not meet the criteria to warrant further action by the Cabinet. In other words, the Cabinet did not substantiate the allegation. After hearing testimony from the caseworker, the family court began to read Kathryn's petition for a DVO into the record. Jesse objected based upon hearsay. As Kathryn's petition was based upon information she heard from the children regarding the incident on October 5, 2019, the family court sustained Jesse's objection. The family court then continued the hearing until November 5, 2019, stating the court would interview the children in chambers at that time.

On November 5, 2019, the evidentiary hearing on Kathryn's petition resumed. The ongoing caseworker for the Cabinet was not present when the case was called, but was apparently en route and would have been available to testify. According to Jesse's counsel, the caseworker had interviewed the children following the first hearing on October 22. The family court asked Kathryn to call her first witness; Kathryn responded she was calling the parties' Specialized Alternatives for Families and Youth (SAFY) caseworker. The SAFY caseworker was out-of-state but prepared to testify telephonically. The court attempted to reach the SAFY caseworker at the telephone number provided, but she did not answer. The children were present and available to be interviewed in chambers as previously planned. However, the family court abruptly decided not to interview

-6-

the children. The family court stated it believed the issue would be better addressed in the custody or DNA proceedings where the children's guardian *ad litem* could be present. The family court also refused to hear from other available witnesses, including Kathryn and her mother. The family court then dismissed Kathryn's petition without allowing her to call any witnesses.

The failure of the family court to allow Kathryn to call any witnesses denied her a meaningful **opportunity** to be heard as required by due process. *Wright,* 181 S.W.3d at 53. As we do not believe that the family court provided Kathryn with a meaningful opportunity to be heard, we must vacate the family court's November 5, 2019, order denying Kathryn's petition for entry of a DVO and remand the matter for a full evidentiary hearing, including permitting Kathryn to call witnesses on her behalf.

For the foregoing reasons, the Order of the Jefferson Circuit Court, Family Court Division, is vacated and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANTS:

R. Zachary Meihaus
Louisville, Kentucky

BRIEF FOR APPELLEE:

Courtney L. Baird
Marcia L. Sparks
Emily A. White
Louisville, Kentucky