RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1474-MR

XING ZHANG                                               APPELLANT

                    APPEAL FROM BOONE CIRCUIT COURT
v.              HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
                          ACTION NO. 17-CR-00279

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: On April 4, 2017, Appellant, Xing Zhang, was charged with

promoting prostitution in Boone County, Kentucky. He entered a guilty plea to the

amended charge of operating a sham or front company. On May 2, 2018, the

Boone Circuit Court entered an order granting Zhang's motion for pre-trial

diversion. He was sentenced to diversion for five years.

On March 8, 2019, a probation and parole officer filed an affidavit to modify/revoke Zhang's diversion status because he had absconded from supervision. The circuit court issued a warrant, which remained outstanding for over three years. It was finally served on September 26, 2022, while Zhang was residing in Illinois, where his supervision had been transferred. A revocation hearing was held in Boone Circuit Court on November 17, 2022. The court voided Zhang's diversion agreement and sentenced him to serve five-years' imprisonment. Zhang appeals to this court as a matter of right. His arguments on appeal are summarized as follows: 1) he was denied his procedural due process rights when his diversion was voided and he was sentenced in the same hearing; and 2) the circuit court erred by revoking Zhang's diversion, because it failed to properly consider the relevant statutory factors. For the following reasons we affirm.

Zhang's arguments are unpreserved, and the Commonwealth requests that we review for palpable error. *See Commonwealth v. Moore*, 664 S.W.3d 582, 592 (Ky. 2023) (applying palpable error review to issue concerning compliance with KRS[1] 439.3106). *See also Burnett v. Commonwealth*, 538 S.W.3d 322, 324 (Ky. App. 2017) (failure to enter sufficient findings under KRS 439.3106(1) constitutes palpable error). "An error is palpable, we have explained, only if it is clear or plain under current law . . . ." *Commonwealth v. Jones*, 283 S.W.3d 665,

---

[1] Kentucky Revised Statutes.

668 (Ky. 2009) (internal quotation marks and citation omitted). Thus, we proceed

accordingly.

The Kentucky Supreme Court has summarized the relevant

substantive law as follows:

> As a condition of pretrial diversion, the defendant
> is required to enter an *Alford*[2] plea or a plea of guilty.
> KRS 533.250(1)(f). "If the defendant successfully
> completes the provisions of the pretrial diversion
> agreement, the charges against the defendant shall be
> listed as 'dismissed-diverted' and shall not constitute a
> criminal conviction." KRS 533.258(1). If the defendant
> fails to complete the diversion agreement, the diversion
> agreement can be voided by the trial court, and the court
> is to "proceed on the defendant's plea of guilty in
> accordance with the law." KRS 533.256(1). At that
> point, "[t]he defendant has the same right to a sentencing
> hearing as if he or she had pled guilty without the
> diversion agreement." *Peeler v. Commonwealth*, 275
> S.W.3d 223, 225 (Ky. App. 2008).

*Prather v. Commonwealth*, 301 S.W.3d 20, 22 (Ky. 2009). Moreover, the

underlying Court of Appeals decision in *Peeler* relied on the following reasoning:

> From the architecture of KRS 533.256(1) and (4),
> it is clear that separate proceedings are contemplated.
> There must be a hearing to determine whether the
> diversion agreement should be voided, and a subsequent
> hearing to determine what action shall be taken
> thereafter.
>
>  . . . .

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Although Peeler's defense counsel failed to object to final sentencing at the diversion revocation hearing, we are not convinced that Peeler had sufficient notice that final sentencing was about to take place to require an objection, let alone sufficient time to prepare for an RCr[3] 11.02 sentencing hearing. *Edmonson v. Commonwealth*, 725 S.W.2d 595 (Ky. 1987). In any event, sentencing errors are not held to exacting standards of preservation, and we note that Peeler's counsel argued against imprisonment at the revocation hearing. *Cummings v. Commonwealth, supra*.[4] **We cannot say, therefore, that the result may not have been different if Peeler had been given his panoply of rights at a separate sentencing hearing.** *Commonwealth v. Jeffries*, 95 S.W.3d 60 (Ky. 2002).

*Peeler v. Commonwealth*, 275 S.W.3d 223, 225-26 (Ky. App. 2008) (emphasis added). Unlike *Peeler*, the result here would most likely **not** have been different had Zhang received a separate sentencing hearing.

For example, in its final judgment the circuit court noted that it "previously afforded Defendant and Defendant's counsel a copy of the Pre-Sentence Investigation Report prepared by the Division of Probation and Parole, [and] inquired if Defendant agreed with the factual contents." Accordingly, Zhang and his counsel were afforded the materials necessary to present a defense as to revocation and sentencing. *Cf. Spurling v. Commonwealth*, No. 2021-CA-1253-MR, 2022 WL 16842280, at *4 (Ky. App. Nov. 10, 2022) (reversing and

---

[3] Kentucky Rules of Criminal Procedure.

[4] *Cummings v. Commonwealth*, 226 S.W.3d 62 (Ky. 2007).

remanding order terminating felony diversion where court did not hold a separate sentencing hearing, **and** there was no presentence investigation report prepared prior to sentencing). Moreover, because Zhang was a native Mandarin Chinese speaker, the Commonwealth was concerned that there may be difficulty obtaining a court appointed interpreter, in the event of subsequent hearings. During the revocation hearing at issue here, however, an interpreter was present. The court and counsel, via the interpreter, were very thorough in ensuring that Zhang was sufficiently apprised of the nature of the charges and proceedings. There was no palpable error.

Zhang's second argument is that the circuit court erred by revoking his diversion for failing to comply with KRS 439.3106(1).

> KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked.

*Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "Neither KRS 439.3106 nor *Andrews* require anything more than a finding to this effect supported by the evidence of record." *McClure v. Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015). Furthermore, KRS 533.010(2) requires that the Court shall consider the possibility of probation as an alternative sentence. A decision to void pretrial diversion applies the same criteria as a decision to revoke probation.

-5-

KRS 533.256(2); *Richardson v. Commonwealth*, 494 S.W.3d 495, 498 (Ky. App. 2015). We review the circuit court's decision for an abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

Zhang specifically argues that the circuit court's order revoking diversion made insufficient findings, and should therefore be reversed. We disagree. There was substantial evidence presented during the revocation hearing that Zhang had absconded for years. *See Compise v. Commonwealth*, 597 S.W.3d 175, 182 (Ky. App. 2020) ("[A] defendant who will not cooperate with the conditions of her supervision may indeed constitute a significant risk to the community at large and be unmanageable in the community.").

And while the revocation order did not expressly consider the relevant statutory factors, the final judgment and sentence of imprisonment entered that same day provides evidence that they were considered. It provides in relevant part:

> The Court **having given due consideration to** community service as an alternative to a prison term, **probation**, probation with alternative sentencing plan and conditional discharge; however, the Court is of the

opinion that **confinement is necessary for the protection of the public** because;

A. **There is a substantial risk that** during a period of probation or conditional discharge, the **Defendant will commit another crime**;

B. The Defendant is in need of correctional treatment that can be provided most effectively by the Defendant's commitment to a correctional and/or treatment institution.

C. Probation or conditional discharge would unduly depreciate the seriousness of the Defendant's crime [KRS 533.010(2)].

D. **Community Service is not in the best interest of the Defendant and the public**.

(Emphasis added.) Lastly, although we believe these findings are sufficient, we note that explanations of findings pursuant to KRS 439.3106(1) are not required. *See New v. Commonwealth*, 598 S.W.3d 88, 90 (Ky. App. 2019) (citation omitted) ("A trial court is not required to provide explanations for those findings . . . ."). Based on the foregoing, there was no abuse of discretion here. There was certainly no palpable error. Therefore, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kevin Moser
Covington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney Hightower
Assistant Attorney General
Frankfort, Kentucky