RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0363-MR

DANIEL MARCUM                                         APPELLANT

v.               APPEAL FROM TAYLOR CIRCUIT COURT
HONORABLE KAELIN G. REED, JUDGE
ACTION NO. 21-CR-00157

COMMONWEALTH OF KENTUCKY                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

ACREE, JUDGE: Appellant, Daniel Marcum, appeals the Taylor Circuit Court's March 24, 2022 Order revoking his probation and imposing his three-year probated sentence. Marcum alleges the court violated his due process rights and erroneously revoked his probation against a preponderance of the evidence. Having reviewed the record, we affirm.

# BACKGROUND

On October 19, 2021, Marcum pleaded guilty to theft by unlawfully taking over $500, and the court sentenced him to three-years imprisonment, probated for five years, conditioned upon Marcum's pursuit of long-term treatment for his lengthy history of substance abuse.

Initially, Marcum treated at The Healing Place but left twelve days later, claiming "there were fourteen overdoses" while he was there and "people offering heroin for free."[1] Marcum informed his probation officer, Jennifer Neagle, he had left the treatment program and she asked the circuit court to revoke his probation. The court issued an arrest warrant and law enforcement arrested Marcum.

At his hearing, the court referred Marcum to drug court but, by no fault of his own, he did not qualify. Instead of revoking probation, the circuit court again released Marcum to long-term, in-patient treatment. On January 24, 2022, the Commonwealth released Marcum after his probation officer secured him a bed at Hickory Hills Recovery. Marcum left treatment early again, after just seven-days' attendance. He told Neagle he used drugs at Hickory Hill and needed to leave in order to detox. Marcum chose The Healing Place to detox, though he previously claimed drugs were free flowing there. Marcum said he completed the

---

[1] There is no evidence in the record that this is true.

detox program there, but there is no evidence in the record to confirm this. He then claimed to start an intensive outpatient treatment program at The Healing Place. Because he failed to engage in long-term in-patient treatment, Neagle again requested the circuit court to revoke his probation.

Marcum failed to appear for the revocation hearing on February 1, 2022, and the court issued an arrest warrant. On the same day, Marcum's wife[2] texted Neagle that during the early hours of February 1, Marcum and his friends showed up to her house after having used drugs and Marcum requested Narcan from her. Law enforcement arrested Marcum on February 8 while he was at The Healing Place.

The circuit court held Marcum's revocation hearing on March 1, 2022, and heard Neagle's testimony substantially as recited above. Marcum was not physically present in the courtroom but appeared virtually. During the hearing, Marcum's counsel objected numerous times that she wished Marcum to be physically present in the courtroom. The court denied the request because of Marcum's frequent outbursts in court and the successful widespread use of technology to appear virtually during the 2020 COVID pandemic.

On March 24, 2022, the court issued an order revoking Marcum's probation and imposing his three-year sentence. This appeal follows.

---

[2] It is unclear if this is Marcum's wife or ex-wife as the record refers to her inconsistently.

## ANALYSIS

On appeal, Marcum alleges three errors. First, he alleges the circuit court violated due process rights afforded to him by the Fourteenth Amendment to the U.S. Constitution when it denied his requests to appear physically during the hearing. Second, Marcum alleges the Commonwealth failed to carry its burden to show he violated the conditions of his probation by a preponderance of the evidence. Finally, Marcum claims the circuit court failed to consider the mandatory criteria set forth in KRS[3] 439.3106 when the circuit court revoked his probation. For the reasons set forth below, each argument is meritless.

*The Court did not Violate Marcum's Due Process Rights.*

The Fourteenth Amendment to the U.S. Constitution precludes states from "depriv[ing] any person of life, liberty, or property, without due process of law."[4] U.S. CONST. amend XIV, § 1. As we explained in *Robinson v. Commonwealth*, a probationer's rights announced by the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), dictate the minimum due process rights Kentucky courts must provide during probation revocation hearing. 86 S.W.3d 54, 56 (Ky. App. 2002). Pursuant

---

[3] Kentucky Rules of Civil Procedure.

[4] The parties additionally cite to the due process clause contained in the Fifth Amendment to the U.S. Constitution; however, the Fifth Amendment's due process clause only applies to the federal government and has no applicability to state governments. *See* U.S. CONST. amend V.

to *Morrissey*, parolees are afforded the following minimum due process rights

when facing a revocation hearing:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604; *see Robinson*, 86 S.W.3d at 56.  The

U.S. Supreme Court noted that because parole revocations are "not part of a

criminal prosecution[,] . . . the full panoply of rights due a defendant in such a

proceeding does not apply to parole revocations."  *Id.* at 480, 92 S. Ct. at 2600

(citing *Mempa v. Rhay*, 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967)).

Although *Morrissey*'s factors originally only applied to parole

revocation hearings, the U.S. Supreme Court transposed these requirements onto

probation revocation hearings in *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct.

1756, 1759, 36 L. Ed. 2d 656 (1973).  This Court followed the U.S. Supreme

Court's holding in *Gagnon*, finding the *Morrissey* factors establish the minimum

due process rights afforded to probationers during probation revocations hearings

in the Commonwealth. *Murphy v. Commonwealth*, 551 S.W.2d 838, 840 (Ky. App. 1977).

At issue in this appeal is whether the circuit court violated Marcum's due process rights by prohibiting him an opportunity to be heard in person. We conclude the circuit court did not violate his rights.

Under the *Morrissey* factors, the right to be heard in person generally protects an individual's right to be present, virtually or otherwise, during the proceeding so that she may have "a meaningful opportunity to participate in the proceedings, to confer with counsel, and to confront the evidence against her." *P.S. v. Cabinet for Health & Fam. Servs.*, 596 S.W.3d 110, 117 (Ky. App. 2020).

In *P.S.*, a mother facing the involuntary revocation of her parental rights alleged the Commonwealth violated her due process rights when she testified via telephone, rather than in person as she requested. *Id.* at 116-17. This court determined no violation of her due process rights occurred because she testified at the termination hearing and challenged the Cabinet's evidence against her, all with counsel present. *Id.* at 117. Because of these facts, the mother had a meaningful opportunity to be heard, and no violation was found. *Id.*; *see Lynch v. Lynch*, 737 S.W.2d 184, 186 (Ky. App. 1987) ("Due process requires, at the minimum, that each party be given a meaningful opportunity to be heard.").

Similarly, in *A.H. v. Cabinet for Health & Family Services*, this Court rejected arguments that a circuit court violated an individual's due process right to confront adverse witnesses when appearing virtually because virtual cross-examination is not as effective as in person. No. 2021-CA-0734-ME, 2022 WL 128037, at \*1, \*3 (Ky. App. Jan. 14, 2022).[5] We rejected this argument in *A.H.* because the individual failed to provide evidence that the virtual proceedings either hindered her ability to cross-examine the witness or her right otherwise to meaningfully participate in the proceedings. *Id.*

On the other hand, in *K.D.H. v. Cabinet for Health & Family Services*, a mother testified virtually, and technical difficulties plagued her opportunity to be heard. 630 S.W.3d 729, 740 (Ky. App. 2021). Because we reversed the circuit court on other grounds, what we said about this particular virtual appearance is justly deemed dicta. However, we noted the technical difficulties – not the virtual nature of attendance itself – created a problem. We said: "Given the family court's stated inability to hear and understand [appellant's] testimony, we are convinced that she was not afforded an opportunity to be heard 'in a meaningful manner.'" *Id.* at 741.

---

[5] Because it is unpublished, *A.H.* is not authority and we do not cite it as such. However, we reference the case for its persuasive effect and to demonstrate consistency in our decisions.

Though these last three cited cases occurred in the context of the Commonwealth involuntarily terminating parental rights, the fundamental due process ideals translate to the probation revocation context. Thus, we can only conclude that when a probationer appears virtually during a probation revocation hearing, a circuit court does not *per se* violate that probationer's minimum due process right. A court violates a probationer's right to be heard in person when virtual representation denies a probationer the right to "a meaningful opportunity to participate in the proceedings, to confer with counsel, and to confront the evidence against her." *P.S.*, 596 S.W.3d at 117.

Turning to the facts of this case, nothing in the record indicated the circuit court denied Marcum "a meaningful opportunity to participate in the proceedings, to confer with counsel, and to confront the evidence against her" merely because he appeared virtually during the revocation hearing. *Id.* He had an attorney present in the courtroom and had an opportunity to confer with his counsel in a private video chat. He had the opportunity to challenge the Commonwealth's evidence against him and to impeach the testimony of his probation officer. While Marcum did not testify at the hearing, he did have the opportunity to do so if he had so chosen. Based on these facts, we cannot conclude his due process rights were violated.

Therefore, the circuit court did not violate Marcum's due process rights under the Fourteenth Amendment to the U.S. Constitution when the court denied his request to physically appear in person rather than virtually.

*The Preponderance of the Evidence Supports Probation Revocation.*

When appellate courts review probation revocation proceedings for error, the standard of review is abuse of discretion. *Richardson v. Commonwealth*, 494 S.W.3d 495, 497 (Ky. App 2015). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). In order for a circuit court to revoke an individual's probation, the standard of proof is whether the probationer violated the terms of his probation by the preponderance of the evidence. *Rasdon v. Commonwealth*, 701 S.W.2d 716, 719 (Ky. App. 1986). Additionally, it is in the sound discretion of the circuit court to revoke an individual's probation. *Tiryung v. Commonwealth*, 717 S.W.2d 503, 504 (Ky. App. 1986). Here, we find no abuse of discretion.

Initially, Marcum argues there is confusion concerning whether Neagle requested the circuit court to revoke his probation because of his failure to complete long-term substance abuse care or an alleged emergency protective order (EPO) filed against him by his wife. This argument is meritless as the circuit court

made clear on the record that he gave no weight to the alleged EPO filed against Marcum in determining whether the revoke his probation.

The circuit court disregarded the EPO because the EPO was eventually dismissed for unknown reasons; it is also unknown why Marcum's wife requested an EPO. Thus, the circuit court concluded it could have no way of determining why Marcum's wife requested the EPO, and accordingly gave no weight to it. Marcum now argues that because the court could not determine Marcum's wife's motivation for requesting an EPO, the circuit court also could not determine the motivation for why she texted Neagle on February 1. Marcum's wife's motivation for texting Neagle is irrelevant; only the contents of the texts are relevant. During probation revocation hearings, hearsay is permissible evidence. *Barker v. Commonwealth*, 379 S.W.3d 116, 130 (Ky. 2012). Upon reviewing the record, we find no abuse of discretion in the circuit court's decision to find the hearsay evidence credible.

Additionally, Marcum argues the circuit court erroneously concluded he failed to complete substance abuse treatment. This argument is also meritless. The record shows Marcum routinely left outpatient substance abuse care shortly after arriving and engaged in none of the long-term substance abuse programs required by his conditions of probation. By a preponderance of the evidence, it was not error for the court to conclude Marcum failed to comply with this

-10-

condition. There is no evidence of Marcum completing these programs, and the court noted Marcum's repeated history of failing to stick with them. Accordingly, the circuit court did not err when it revoked Marcum's probation.

*The Circuit Court Complied with KRS 439.3106.*

A circuit court must consider KRS 439.3106 prior to revoking an individual's probation. *Commonwealth v. Andrews*, 448 S.W.3d 773, 776 (Ky. 2014). Pursuant to KRS 439.3106:

> (1) Supervised individuals shall be subject to:
>
> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

KRS 439.3106(1). Thus, the Kentucky Supreme Court said: "KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Andrews*, 448 S.W.3d at 780.

-11-

In its order revoking Marcum's probation, the circuit court makes note of both *Andrews* and KRS 439.3106, and acknowledges the court is bound by that law. In its order, the circuit court expressly concluded Marcum posed a serious risk to the community by failing to complete long-term substance abuse care, and Marcum could not be managed in the community because of his inability to stay in treatment programs. These findings were not erroneous.

The record demonstrates that Marcum failed to comply with the conditions of his probation over the course of six months and that soon after enrolling in each substance abuse program, he left and never presented evidence his leaving was justified.

The record also demonstrates Marcum used illegal drugs during the time he was supposed to be engaging in treatment. He even had to attend a program to detox because of abuse *after* he was probated. While in the community, he failed to meet the conditions of his probation and failed to successfully seek treatment for his serious history of substance abuse. Accordingly, the circuit court did not abuse its discretion when it chose to revoke Marcum's probation because it properly considered KRS 439.3106(1) and the factors therein.

# **CONCLUSION**

Therefore, for the aforementioned reasons, the circuit court did not err when it revoked Marcum's probation.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kayley Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Brett R. Nolan
Rachel A. Wright
Assistant Attorneys General
Frankfort, Kentucky